UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES SILAS,

        Plaintiff,

vs.

CHAPPELL,

        Defendant.

No. C 12-3019 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## BACKGROUND

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## SCREENING

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Complaints in pro se prisoner cases such as this one must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff states that he has Hepatitis C and bilateral cervical neural foraminal stenosis.  Plaintiff states that Watson, a doctor at his prison denied him the proper medication and another defendant, Tottell, violated plaintiff's Eighth Amendment rights. Plaintiff provides no more information.

These allegations are insufficient to meet the *Iqbal* standard.  Plaintiff must provide specific factual allegations as to what each individual defendant actually did, identified as closely as possible by time and location, sufficient to make it plausible that he has a claim for relief against each defendant.  Plaintiff must describe how the individual defendants' actions caused him harm and he must specifically describe that harm.  Simply stating that

unidentified medication was denied or that another defendant violated his rights is insufficient. Plaintiff fails to describe what the medications was for and why it was required. The complaint will be dismissed with leave to amend.[1]

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of the complaint.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 13, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Silas3019.dwlta.wpd

---

[1] To the extent plaintiff raises additional allegations that occurred at another facility in Susanville, CA, plaintiff must file a complaint in the Eastern District of California where that facility is located.

3